UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYRTLE MASON,<br><br>     Plaintiff,<br><br> -against-<br><br>CREDITORS FINANCIAL GROUP, LLC,<br><br>     Defendant. | **COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, Myrtle Mason ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Complaint against Defendant, Creditors Financial Group, LLC ("Defendant"), alleges as follows:

Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices *Act, 15 U.S.C. § 1692 et seq.* ("FDCPA").

Parties

2. Plaintiff is a natural person residing in Montgomery, Alabama.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by *15 U.S.C. § 1692a(3)*.

4. Defendant is a New York company having its principal place of business located in Buffalo, Erie County, New York.

5. Defendant is a debt collector as defined by *15 U.S.C. § 1692a(6),* and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d),* which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established.

9. Venue is proper pursuant to *28 U.S.C. § 1391(b)(1)*.

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, *28 U.S.C. §§ 2201 - 2202*.

## Factual Allegations

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant places calls to Plaintiff from 877-298-2251.

13. Defendant places calls Plaintiff and fails to disclose that the call is from a debt collector and/or Defendant is attempting to collect on a debt.

14. Defendant threatened to file a lawsuit against Plaintiff, but has not done so.

15. Defendant threatened to incarcerate Plaintiff.

## CLAIM FOR RELIEF

16. Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

    b. Defendant violated *§1692e(4)* of the FDCPA by threatening imprisonment if Plaintiff did not pay the alleged debt;

    c. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant has not filed a lawsuit to date and does not intend to do so;

    d. Defendant violated *§1692e(10)* of the FDCPA by using false representations and/or deceptive means in attempting to collect a debt by threatening to file a lawsuit against Plaintiff when Defendant did not intend to do so;

    e. Defendant violated *§1692e(10)* of the FDCPA by using false representations and/or deceptive means in attempting to collect a debt by threatening have Plaintiff incarcerated; and

    f. Defendant violated *§1692e(11)* of the FDCPA by failing to inform Plaintiff in subsequent communications that Defendant is a debt collector and/or attempting to collect a debt.

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.  *See* Exhibit A hereto.

18. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

19. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, *28 U.S.C. §§ 2201 - 2202*.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1)  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

(2)  Actual damages,

(3)  Statutory damages pursuant to the Fair Debt Collection Practices Act to *15 U.S.C. §1692k,*

(4)  Reasonable attorneys' fees, costs pursuant to the Fair Debt Collection Practices Act *15 U.S.C. § 1692k,*; and

(5)  Awarding such other and further relief as may be just, proper and equitable.

Dated:         April 24, 2009

KROHN & MOSS, LTD.

By:   /s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone:  312-578-9428
Telefax:  866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MYRTLE MASON, hereby demands a jury trial in this matter.

# EXHIBIT A

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — **YES** / NO
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Fear of being arrested at my home- and taken to jail. I am an 79 year old widow who lived alone until they scared me so bad. Now I am afraid to stay by myself

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4-12-09

Myrtle R. Mason
Signed Name

Myrtle R. Mason
Printed Name